UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
FELIPE FERNANDEZ,                                                 :
                                                                  :
                        Plaintiff,                       :       24-CV-10038 (JAV)
                                                                  :
              -v-                                          :       <u>ORDER OF DISMISSAL</u>
GARDENS ALIVE, INC.,                                              :
                                                                  :
                       Defendant.                       :
------------------------------------------------------------------:
                                                                  X

JEANNETTE A. VARGAS, United States District Judge:

      This action was commenced on December 31, 2024. Proof of service was filed on the docket on January 13, 2025. Defendant did not make an appearance, and Plaintiff has taken no action in this matter since that time.

      Accordingly, by Order dated October 6, 2025, ECF No. 8, this Court ordered Plaintiff to show cause by **October 20, 2025,** why this case should not be dismissed for abandonment or failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. On October 20, 2025, Plaintiff responded that Defendant had defaulted on filing its Answer on January 31, 2025. Plaintiff had "no excuse for the lapse in time other than losing track of the matter." ECF No. 9. Plaintiff stated that he intended to continue with its prosecution of this matter by filing a Request for a Clerk's Certificate of Default by October 24, 2025. *Id.*

      To date, however, Plaintiff has neither sought a Certificate of Default nor taken any other action in his matter.

      The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004).  Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251.  In determining whether dismissal is appropriate, the Court must assess whether "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

       Plaintiff's delay of eleven months is significant, and Plaintiff has stated that he has no excuse other than inadvertence for his failure to pursue default judgment in this matter.  The Court also provided notice in its October 6 order to show cause why the case should not be dismissed for failure to prosecute.  At that time, Plaintiff averred that he would shortly be seeking a Clerk's Certificate of Default.  More than two months have passed since then, however, and no action has been taken on this docket.  In light of the Plaintiff's lengthy delay in pursuing this matter, Plaintiff's lack of excuse for its prior delay, the Court's prior warning to Plaintiff regarding a potential dismissal, and Plaintiff's failure to take any steps to move this case forward following that warning, dismissal of the case is warranted.

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: January 6, 2026
       New York, New York

*Jeannette Vargas*
JEANNETTE A. VARGAS
United States District Judge